UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

---

| | |
|---|---|
| RONNY SUGGS, | ) |
|                Plaintiff, | ) Case No. 1:06-cv-176 |
| v. | ) Honorable Gordon J. Quist |
| BLAINE LAFLER et al., | ) |
|                Defendants. | ) |

**OPINION**

       This is a civil rights action brought by a state prisoner pursuant to 42 U.S.C. § 1983. Under the Prison Litigation Reform Act, PUB. L. NO. 104-134, 110 STAT. 1321 (1996) (PLRA), "no action shall be brought with respect to prison conditions . . . until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Because Plaintiff has failed to demonstrate exhaustion of available administrative remedies, the Court will dismiss his complaint without prejudice.

**Discussion**

       I.      <u>Factual allegations</u>

       Plaintiff is presently incarcerated at Oaks Correctional Facility, but complains of events that occurred while he was housed at the St. Louis Correctional Facility (SLF). In his *pro se* complaint, he sues the following SLF employees: Warden Blaine Lafler, Sergeant (Unknown) Hansen, and Officer (Unknown) Caballero.

       Plaintiff was one of two prisoner representatives to the Warden's Forum from housing unit two.[1] Both unit representatives began receiving numerous complaints from other inmates in the

---

[1] Unit representatives are elected by the other inmates housed in the unit, and must be free of major misconducts for at least six months preceding the election. MICH. DEP'T OF CORR., Policy Directive 04.01.150, ¶ C (effective 01/01/01). The role of the unit representatives is to assist housing staff in identifying and resolving problems which exist

unit regarding the conduct of Defendant Caballero. The prisoner representatives to the Warden's Forum decided to file a class action complaint against fourteen staff members, including Defendant Caballero. Plaintiff prepared the complaint and submitted it to the prisoner benefit fund, seeking a grant of the filing fee. Because Plaintiff and his fellow representative from unit two continued to receive complaints regarding Defendant Caballero, on June 23, 2005, Plaintiff prepared a letter to SLF Warden, Defendant Lafler, enumerating the complaints against Defendant Caballero and requesting an emergency meeting with Defendant Lafler. Plaintiff gave a copy of the letter to his case manager. Later that day, Plaintiff and the second unit representative were summoned to a meeting with the resident unit manager to discuss any concerns regarding unit two, including Defendant Caballero's conduct.

That evening, Plaintiff was called out of the activity room by Defendant Caballero, and directed to an area of the officers' station that was out of view of the unit video camera, known as the "bubble area." Defendant Caballero questioned Plaintiff about what had been discussed at the meeting with the resident unit manager earlier that day. When Plaintiff refused to provide the information, Defendant Caballero informed Plaintiff that, "I can find a razor blade in your room whenever I want, and have your ass placed in segregation." Plaintiff moved from the bubble area to that part of the lobby area viewed by the unit video camera. Officer Caballero ordered Plaintiff to return to the bubble area, and Plaintiff refused. Defendant Caballero took Plaintiff's Unit Representative Warden Forum's file folder containing complaints against Defendant Caballero, and ordered Plaintiff back to his cell. An hour later, Defendant Caballero returned the folder and informed Plaintiff that, "[y]ou are not going to get away with this," and "I'm making sure you are

---

in the unit. *Id.* at ¶ B. The unit representatives work with their resident unit manager, who may submit the representatives' concerns to an assistant deputy warden, deputy warden or the warden, if necessary. *Id.* at ¶ A.

no longer a unit representative. You will be receiving a major [misconduct] ticket." Defendant Caballero then announced over the public address system that Plaintiff was no longer a unit representative. At a Warden Forum meeting on June 24, 2004, Plaintiff advised Defendant Lafler about Officer Caballero's actions. Plaintiff followed-up with a letter to Defendant Lafler, and letters to the Prison Inspector.

Defendant Caballero issued a major misconduct ticket against Plaintiff for failing to obey a direct order, citing Plaintiff's refusal to return to the bubble area when so directed. Plaintiff was convicted of the charge on June 29, 2005, and lost privileges for three days. After the hearing, Defendant Caballero searched Plaintiff's cell, placing all of his property on the bed, scattering and tearing his legal materials, smashing all food items, walking on his bed linens, and squirting toothpaste into Plaintiff's gym shoes. The following day, Defendant Caballero neglected to open Plaintiff's cell door at meal time. Defendant Caballero began making comments to Plaintiff such as Plaintiff better watch his back, that Plaintiff's day was coming, and that rats don't live long. He also announced over the public address system that because Plaintiff was sending complaints to the warden, it would be Plaintiff's fault when the cells of the other prisoners were searched. Plaintiff was transferred to the Muskegon Correctional Facility on July 11, 2005.

On July 1, 2005, Plaintiff filed three grievances complaining of different incidents of Defendant Caballero's harassing and threatening conduct. He pursued each of the grievances through Step III of the grievance process. (*See* Grievance numbers SLF-05-07-1428-17a , SLF-05-1429-17a, and SLF-05-1430-17a, Pl.'s Exs. H, I and J respectively).

Plaintiff asserts a claim of retaliation in violation of his First Amendment rights. For relief, he seeks a judgment declaring Defendants' actions unconstitutional, and compensatory and punitive damages.

II.     Lack of exhaustion of available administrative remedies

Plaintiff has failed sufficiently to allege and show exhaustion of available administrative remedies. Pursuant to 42 U.S.C. § 1997e(a), a prisoner bringing an action with respect to prison conditions under 42 U.S.C. § 1983 must exhaust available administrative remedies. *See Porter v. Nussle*, 534 U.S. 516 (2002); *Booth v. Churner*, 532 U.S. 731 (2001). The exhaustion requirement is mandatory and applies to all suits regarding prison conditions, regardless of the nature of the wrong or the type of relief sought. *Porter*, 534 U.S. at 520; *Booth*, 532 U.S. at 741. A district court must enforce the exhaustion requirement *sua sponte. Brown v. Toombs*, 139 F.3d 1102, 1104 (6th Cir. 1998); *accord Wyatt v. Leonard*, 193 F.3d 876, 879 (6th Cir. 1999).

A prisoner must allege and show that he has exhausted all available administrative remedies and should attach to his § 1983 complaint the administrative decision disposing of his complaint, if the decision is available.[2] *Brown*, 139 F.3d at 1104. In the absence of written documentation, the prisoner must describe with specificity the administrative proceeding and its outcome so that the Court may determine what claims, if any, have been exhausted. *Knuckles El v. Toombs*, 215 F.3d 640, 642 (6th Cir. 2000). In addition, a prisoner must specifically mention the involved parties in the grievance to alert the prison officials to the problems so that the prison has a chance to address the claims before they reach federal court. *Curry v. Scott*, 249 F.3d 493, 505 (6th Cir. 2001); *Thomas v. Woolum*, 337 F.3d 720, 735 (6th Cir. 2003); *Vandiver v. Martin*, No. 02-1338, 2002 WL 31166925, at *2 (6th Cir. Sept. 27, 2002) ("The issues [plaintiff] may raise, and the defendants he may name, in his lawsuit are limited to the specific issues raised, and the specific individuals mentioned, in his grievance.").

---

[2] To assist prisoners in meeting this requirement, this Court advises prisoners to attach copies of documents evidencing exhaustion in its form complaint. The form complaint, which is required by local rule, is disseminated to all the prisons. *See* W.D. MICH. LCIVR 5.6(a). Plaintiff has filed this action on the correct form and attached the documents relevant to exhaustion.

"[F]or a court to find that a prisoner has administratively exhausted a claim against a particular defendant, a prisoner must have alleged mistreatment or misconduct on the part of the defendant at Step I of the grievance process." *Burton v. Jones,* 321 F.3d 569, 575 (6th Cir. 2003). Plaintiff has satisfied this requirement as to Defendant Caballero. However, Plaintiff's failure to allege or show that he named Defendants Lafler or Hansen in any Step I grievance alone precludes a finding of exhaustion. *Id.* at 576 n.4 (claim of retaliation, which was initially raised by prisoner in Step II of the grievance process was not administratively exhausted). Accordingly, the Court finds that Plaintiff has failed to demonstrate that he has exhausted his available administrative remedies with regard to Defendants Lafler and Hansen. A civil rights action containing both exhausted and unexhausted claims must be dismissed without prejudice for lack of total exhaustion. *Jones Bey v. Johnson*, 407 F.3d 801 (6th Cir. 2005).

Plaintiff's claim of retaliation is the type of claim that may be grieved through the three-step prison grievance process. *See* MICH. DEP'T OF CORR., Policy Directive 03.02.130, ¶ E (may grieve "alleged violations of policy or procedure or unsatisfactory conditions of confinement") (effective 12/19/03). It is not clear whether Plaintiff may still grieve his claims. Under the policy of the prison, complaints must be resolved expeditiously, and complaints may be rejected as untimely. *See* Policy Directive 03.02.130, ¶ G(4). The Sixth Circuit has held that an inmate cannot simply claim that "he has exhausted his remedies or that it is futile for him to do so because his grievance is now time-barred under the regulations." *Hartsfield v. Vidor*, 199 F.3d 305, 309 (6th Cir. 1999) (citing *Wright v. Morris*, 111 F.3d 414, 417 n.3 (6th Cir. 1997)). However, even if the MDOC considers a subsequent grievance to be untimely, a prisoner who has presented a grievance through one complete round of the prison process will nevertheless be deemed to have exhausted available administrative remedies as required by 42 U.S.C. § 1997e(a). *See Thomas*, 337 F.3d at 733.

Because the exhaustion requirement is no longer discretionary, but is mandatory, the Court does not have the discretion to provide a continuance in the absence of exhaustion. *See Wright*, 111 F.3d at 417. Rather, dismissal of this action without prejudice is appropriate when a prisoner has failed to show that he exhausted available administrative remedies. *See Freeman v. Francis*, 196 F.3d 641, 645 (6th Cir. 1999); *Brown*, 139 F.3d at 1104; *White v. McGinnis*, 131 F.3d 593, 595 (6th Cir. 1997). Dismissal for failing to exhaust available administrative remedies does not relieve a plaintiff from payment of the civil action filing fee. *Smeltzer v. Hook*, 235 F. Supp. 2d 736, 746 (W.D. Mich. 2002) (citing *Omar v. Lesza*, No. 97 C 5817, 1997 WL 534361, at *1 (N.D. Ill. Aug. 26, 1997)). Accordingly, the Court will dismiss this action without prejudice.

## **Conclusion**

Having conducted the review now required by the Prison Litigation Reform Act, the Court will dismiss Plaintiff's action without prejudice because he has failed to show exhaustion as required by 42 U.S.C. § 1997e(a).

The Court must next decide whether an appeal of this action would be in good faith within the meaning of 28 U.S.C. § 1915(a)(3). *See McGore v. Wrigglesworth*, 114 F.3d 601, 611 (6th Cir. 1997). For the same reasons that the Court dismisses the action, the Court discerns no good-faith basis for an appeal. Should Plaintiff appeal this decision, the Court will assess the $255 appellate filing fee pursuant to § 1915(b)(1), *see McGore*, 114 F.3d at 610-11, unless Plaintiff is barred from proceeding *in forma pauperis*, e.g., by the "three-strikes" rule of § 1915(g). If he is barred, he will be required to pay the $255 appellate filing fee in one lump sum.

A Judgment consistent with this Opinion will be entered.


Dated:  May 12, 2006                               /s/ Gordon J. Quist
                                                 GORDON J. QUIST
                                          UNITED STATES DISTRICT JUDGE